**Surjit SINGH BAINS, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 04–74781, 05–70323.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 31, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Jennifer Paisner, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

MEMORANDUM **

In these consolidated petitions, Surjit Singh Bains, a native and citizen of India, seeks review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying Singh Bains's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), and the BIA's order denying Singh Bains's motion to reopen proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding, *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir.2007), and review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petitions for review.

At Singh Bains's final hearing before the IJ, he admitted to using a false identity at several prior hearings, and to knowingly submitting fraudulent documents to the immigration court and various immigration officials. Substantial evidence supports the IJ's adverse credibility finding, and we uphold the agency's denial of asylum, withholding, and CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

The BIA did not abuse its discretion in denying Singh Bains's motion to reopen because he failed to demonstrate the evidence he submitted was previously unavailable. *See* 8 C.F.R. §§ 1003.2(a) and (c); *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir.2005).

**PETITIONS FOR REVIEW DENIED.**